GEORGE DAGGETT v. THE STATE.

No. 4954.     Decided January 22, 1919.

**1.—Assault to Murder—Requested Charges.**

In the absence of a showing that the requested charges were presented to or acted upon by the trial judge by bill of exceptions, they can not be reviewed.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

**3.—Same—Case Stated—Arrest—Escape—Assault.**

Where, upon trial of assault to murder, the evidence showed that the injured party arrested defendant and another while they were in the act of stealing his cotton, and in an attempt to escape they shot him, whereupon he returned the fire, killing defendant's companion, defendant escaping, the defendant was guilty of assault with intent to murder, and there was no reversible error.

**4.—Same—Requested Charges—False Arrest—Manslaughter.**

Where, upon trial of assault with intent to murder, defendant denied that he shot at the party injured or that he had a weapon even, and there was no evidence which remotely raised the issue of manslaughter or self-defense to free himself from an illegal arrest, the conviction for assault with intent to murder is sustained.

Appeal from the District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of assault to murder; penalty, ten years imprisonment in. the penitentiary.

The opinion states the case.

*Baskin, Dodge, Eastus & Ammerman,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Vann v. State, 43 Texas Crim. Rep., 244; McCrary v. State, 38 id., 609; Lassiter v. State, 163 S. W. Rep., 710; Yarborough v. State, 66 Texas Crim. Rep., 324, 147 S. W. Rep., 272.

PRENDERGAST, Judge.—Appellant was convicted of an assault to murder and his punishment assessed at ten years in the penitentiary.

There was no objection at all to the court's charge, and there is not a bill of exceptions in the record. There are some special charges by appellant copied in the record, but there is nothing to show when they were presented to or acted upon by the trial judge. No objection is made to their refusal, and no bill was taken thereabout.

The sole question in the case, therefore, is appellant's claim that the evidence was not sufficient to sustain the conviction.

The alleged assaulted party was Mr. Hester. The testimony clearly shows that Mr. Hester, who was a farmer living on his farm, had had corn stolen from him, and that he apprehended that some of his seed cotton, which had been picked and placed in a wagon in his field, would also be stolen at night. He, therefore, got in his wagon, laid down on the cotton, on the night of October 4, 1917, and was there watching his cotton to keep it from being stolen.

Appellant, George Daggett, and Courage Oliver, negroes, lived near one another, and were intimate friends. About 8 o'clock that night appellant went over to Oliver's and had some talk with him. One had a horse and the other a one-horse wagon. Soon afterwards they hitched up this horse to the wagon and left together therein. Mr. Hester's place was some distance from where they lived. They drove to Mr. Hester's cotton field, got out of the wagon, and over the fence, taking two tow sacks with them, went across the field in rather a stooping position until they got right at Mr. Hester's wagon. There is no doubt from the testimony that they went there for the purpose of stealing some of Mr. Hester's cotton. In fact, appellant himself swore that he supposed that they were going there with those sacks to steal something,—steal some cotton, he claiming that Oliver was going to do the stealing, but he said as he had gone that far with him he decided he would go along and help him steal cotton. Just as they got to the wagon Mr. Hester raised up, presented his pistol and told them to throw up their hands, which they did. He got out of the wagon, directed them to go in front of him, and started to his house with them. They went in this order

until they got to the fence of the cotton field. Mr. Hester directed them to get over the fence, which they did. He then attempted to follow them, and just as he was stepping over the fence they both turned and both said, "Let's get him," and they both then commenced shooting at him, each with a pistol. In getting over the fence he either purposely or accidentally fell on the ground, and returned the fire. He killed Oliver, but the appellant ran and escaped. Mr. Hester swore that if they had started to run from him he would not have killed them; that he had no intention of killing them if they ran from him, and that he killed Oliver and shot at the appellant because they were trying to kill him; they were shooting at him.

Appellant denied that he had a pistol on the occasion. Not only Mr. Hester swore that he had and that he shot at him with it, but the testimony of others also shows that he had a pistol ,and shot it at Mr. Hester. Hester said that he intended to take them to his house that night and call an officer, and turn them over to an officer. He also swore that in arresting them and taking them from his cotton wagon out of his field, that he wanted to get them off of his property; that he did not want them staying there that night; that he neither touched, nor took hold of either of them, and neither of them asked him to let them go.

In Miller v. State, 31 Texas Crim. Rep., 609, Miller, in attempting to secure his liberty from an illegal arrest, killed an officer. He was convicted of murder in the first degree with the death penalty inflicted. This court affirmed that judgment. In that case this court said:

"The question at last is, what cause, reason, or motive actuated the defendant in committing the homicide? It is the settled law of this State, that in arriving at a correct conclusion in homicide cases, the killing should be viewed from the defendant's standpoint; that is, to ascertain as nearly as possible, from the evidence, the reasons and motives which moved or induced the accused to do the killing. It has been held that an unlawful arrest is esteemed, in law, a great provocation. If it be conceded that such provocation constitutes 'adequate cause,' under our statute, then, in order to reduce the killing to manslaughter, 'sudden passion' must have existed in the mind of the slayer at the time of the homicide; otherwise, the killing would be murder. Massie v. State, 30 Texas Crim. App., 64; Ex parte Jones, 31 Texas Crim. Rep., 422; Ex parte Sherwood, 29 Texas Crim. App., 334; Miller v. State, 32 Texas Crim. Rep., 319. Such provocation, in the absence of 'sudden passion,' may become evidence of a most cogent character and force, showing malice. (Same authorities.) Again, if there exists a provocation unknown to the accused at the time of the homicide, this would not suffice to reduce the killing below murder. There must be a concurrence of 'adequate cause' and 'sudden passion,' as defined by our statute, to reduce a felonious homicide to the degree of manslaughter.

"As was said by Judge Hurt in Dyson's case, 12 Texas Court of Appeals, 454: 'When the prisoners have been some time in custody, and

the informality of the warrant under which they were held was unknown to them, and they deliberately planned and carried out an attack which resulted in the death of one of the officers, this was held murder, and not manslaughter.' And again, in Sherwood's case: 'Because without such knowledge the provocation could have no effect upon him whatever, and hence without such knowledge it is absolutely certain that his passions, if any, were not caused by this provocation.' 29 Texas Crim. App., 334. This court has further held that where a party, 'expecting an attempt will be made to arrest him illegally, deliberately prepares arms for immediate use, and calmly and deliberately determines to kill the person attempting the illegal arrest, and upon his appearance for that purpose does kill him, such killing would be upon express malice; and to hold the slayer guilty upon express malice would not only be law, but common sense and justice.' Miller v. State, 32 Texas Crim. Rep., 319." See also Ex parte Sherwood, 29 Texas Crim. App., 334; English v. State, 34 Texas Crim. Rep., 190; Purdy v. State, 60 Texas Crim. Rep., 130.

This authority is in point. If appellant and Oliver, or either, had killed Mr. Hester, they would have been guilty of murder. As they did not succeed in killing him, their attempt and intention to do so made appellant guilty of an assault with intention to murder him.

The evidence does not show that appellant or deceased knew or even suspected that he had not been legally arrested and held, and then, of course, that he was not attempting to free himself of such an arrest. Nor does the evidence show that any passion of either of them was aroused by their arrest and detention, which caused them to attempt to kill Mr. Hester, to free themselves therefrom.

But if any such question was raised the court, in general language, told the jury what adequate cause was, and instructed them that if at the time appellant shot at Mr. Hester, if he did, he was laboring under sudden passion arising from an adequate cause, to acquit him of an assault to murder and convict him only of aggravated assault.

But the evidence was sufficient to show, and in effect did show, that appellant and Oliver armed themselves and equipped themselves to go to Mr. Hester's wagon and steal his cotton therefrom between 11 and 12 o'clock at night; that the purpose of arming themselves was not only to steal the cotton and get away with it, but to kill any person, whether an officer or the owner, if they were interfered with, or arrested therefor, and that they each after being arrested determined, not for the purpose of escaping from an illegal arrest, to kill Mr. Hester because he interfered with them in preventing them from stealing his cotton, and they actually attempted to kill him because thereof. The evidence was sufficient to sustain the conviction.

The judgment is affirmed.

                                                      *Affirmed.*

ON REHEARING.

January 22, 1919.

LATTIMORE, JUDGE.—The case is before this court on appellant's motion for rehearing.

The motion points out no error in the opinion of this court affirming the case, but complains that the verdict is unsupported by the evidence, and that the trial court erred in refusing to give three special charges which are set out. We do not agree with either of appellant's contentions.

The three charges refused are each based on phases of the false arrest of an accused, but not this case. Said charges are substantially: First, if, under the circumstances, appellant believed his life was in danger, or that he was in danger of serious bodily injury, and that he shot Hester, etc., he would be justifiable; the second charge is, that if the false arrest produced in appellant's mind a degree of passion which rendered the same incapable of cool reflection it would be manslaughter; the third charge is substantially that if the jury believed the resistance used by the defendant was no more than reasonably necessary to free himself from such arrest, etc., he would be justifiable.

We have carefully reviewed all the evidence and find nothing therein calling for such charges. Appellant was his own only witness as to the facts attending the shooting and he emphatically denied throughout having shot at all, or even that he had a weapon. No one else testified to facts which remotely raises the issue of passion on his part, or that he shot to free himself from illegal arrest in any way.

The motion for rehearing is overruled.

*Overruled.*